DANIEL ADAMS and ROBERT FINDLAY, Appellants, *v.* GEORGE H. RIVES MANUFACTURING COMPANY, INC., Respondent.

First Department, October 24, 1919.

Principal and agent — breach of contract appointing agent — evidence raising question for jury — when agent entitled to recover for sales made — guaranty by agent.

Where a contract appointed the plaintiffs exclusive sales agents for the defendant for certain territory and provided that the contract should be binding so long as the plaintiffs' sales amounted to a certain amount per month, and further provided that the plaintiffs were " to bill and become responsible for all accounts that they may have or hereafter sell," it was error to dismiss the complaint in an action for the defendant's breach of said contract where the evidence of the plaintiffs shows that their sales before the breach amounted to the sum required by the contract, for under such evidence there was an issue for the jury.

Under such contract the minimum which was to control the continuance
   thereof was the amount of sales made by the plaintiffs and not the amount
   paid by the plaintiffs to the defendant, for the contract was one of a sales
   agency even though the plaintiffs guaranteed the sales, and they are
   entitled to recover although under the contract they received a discount
   on their payments to the defendant.

APPEAL by the plaintiffs, Daniel Adams and another, from
a judgment of the Supreme Court in favor of the defend-
ant, entered in the office of the clerk of the county of New
York on the 20th day of January, 1919, upon a dismissal
of the complaint by direction of the court at the close of the
case and upon a verdict in favor of the defendant on its counter-
claim rendered by direction of the court.

*William S. Haskell,* for the appellants.

*James F. Egan* of counsel [*W. E. Kisselburgh, Jr.,* attorney],
for the respondent.

DOWLING, J.:

Plaintiffs sue for damages for the alleged breach of a written
agreement between the parties, whereby plaintiffs were
appointed exclusive general sales agents for defendant for the
States of New York and New Jersey for the sale of a patented
device known as "The Rives Auto-Pedal Neverslip Pad,"
which patent had been issued to George H. Rives, president
of defendant, and was owned by it. Under this agreement,
it was provided that "the life of this contract shall be binding
and hold good so long as the Messrs. Adams & Findlay's sales
amount to an average of One Thousand Dollars per month
or over ($1,000)." The list price of the goods was fixed at
$12 per dozen sets, less sixty per cent f. o. b. New York city,
and plaintiffs were to pay their account in full to the defendant
by the fifteenth of each current month for which they were to
receive an additional discount of five per cent. Plaintiffs
were "to bill and become responsible for all accounts that they
may have or hereafter sell." Subsequent to June 1, 1916,
defendant is alleged to have granted to plaintiffs the sales
agency for certain States, in five of which they were to make
additional sales of at least $6,000 per year, commencing
August 1, 1916. It is alleged that plaintiffs' sales of the pads,

within the territory granted to them exceeded the sum of $11,000, and that on or about February 10, 1917, defendant refused to perform its agreement and has since refused to perform the same, and in violation thereof has sold pads in said territory without paying plaintiffs any commission therefor and has appointed other agents to sell in plaintiffs' territory.

The complaint set forth that the original agreement in question (though bearing date May 8, 1916) was entered into by the parties on or about May 23, 1916, which is the date when it was acknowledged. The answer of the defendant specifically set up that the agreement was entered into by the parties on May 23, 1916.

Upon the trial, though it appeared that work under the contract was begun about May 21, 1916, no effort was made to question the date when the contract was made as averred. The complaint was dismissed upon the ground that plaintiffs did not make sales of goods within the minimum quantity fixed by their contract, and that, therefore, defendant's rescission of the agreement was justified, whether it took place on February 4 or February 17, 1917.

Upon the record, this was erroneous. The agreement, upon the pleadings and proof, was made May 23, 1916. Upon the record, defendant rescinded the contract on February 4, 1917. This was a period of eight months and twelve days. During that time, plaintiffs' actual sales for New York and New Jersey amounted to either $9,015.15 or $8,786.05, while other orders were taken aggregating over $1,700 which were not filled. These figures were according to the testimony of their witness Daniel Adams. The court, in dismissing the complaint, found that the sales in New York and New Jersey amounted to only $7,140.16.

Under the terms of the agreement, the minimum which was to control the continuance of the contract was the amount of sales made by plaintiffs to their customers, and not the amount paid by plaintiffs to the defendant. The contract was one of a sales agency. Plaintiffs were to sell defendant's goods to customers, and even though they guaranteed the accounts and paid the bills, their obligation was satisfied when they sold to customers a minimum of $1,000 of pads per

month, even though they received a discount on their payments to defendant.

Upon the record there was an issue of fact which should have been submitted to the jury, as plaintiffs duly requested. On the plaintiffs' case their sales amounted to either $9,015.15 or $8,786.05. Either sum was an average of over $1,000 per month for the eight months and twelve days that the agreement was in force. Defendant's claim was that the sales only amounted to $7,140.16, the figures accepted by the trial court, which was under the required minimum. A clear issue of fact was thus presented, which should have been sent to the jury for decision.

The judgment appealed from will be reversed and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., PAGE, MERRELL and PHILBIN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide event.